**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-7646**

───────────

MICHAEL LITTLE,

> Plaintiff – Appellant,

> v.

W. HOLZAPFUL, Special Investigating Supervisor; ADAM PRICE,
Correctional Officer; CASE MANAGER COORDINATOR, Unknown,

> Defendants - Appellees.

───────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.   Frederick P. Stamp,
Jr., Senior District Judge.   (5:11-cv-00041-FPS-JSK)

───────────

Submitted:  January 31, 2013          Decided:  March 14, 2013

───────────

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

───────────

Michael Little, Appellant Pro Se.   Alan McGonigal, Assistant
United States Attorney, Wheeling, West Virginia, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Little appeals from the district court's order adopting the report and recommendation of the magistrate judge and granting the defendants' motion to dismiss or, in the alternative, motion for summary judgment on Little's complaint filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We vacate and remand for further consideration of Little's attempt to raise a claim under the Federal Tort Claims Act ("FTCA"). We affirm the remainder of the district court's order.

The district court adopted the recommendation of the magistrate judge that, to the extent Little was attempting to raise an FTCA claim, his claim was untimely filed more than six months after his administrative tort claim was denied. The magistrate judge noted that Little's claim was administratively denied on August 17, 2010, and his complaint was filed March 14, 2011, more than six months later. However, we find that the August 17 letter stated only that Little's complaint had been received and did not deny the claim. On appeal, Little submits evidence showing that his administrative tort claim was actually denied on June 30, 2011. We therefore vacate the district court's ruling on this issue and remand for further consideration of the timeliness of Little's FTCA claim.

2

Little also contends that the district court erred in failing to permit him to conduct discovery. He does not allege that he ever moved for discovery or claimed that he could not respond to the motion for summary judgment without discovery. Instead, Little avers that, by denying his motion to amend his complaint,[*] the district court cut off his opportunity to conduct discovery. Specifically, he alleges that he was entitled to copies of regulations covering inmate processing. However, because these regulations would not have had any relevance to the reasons summary judgment was granted, the district court did not err in denying the motion to amend without sua sponte granting discovery.

With regard to the remainder of Little's appellate claims, we affirm for the reasons stated by the district court. Little v. Holzapful, No. 5:11-cv-00041-FPS-JSK (N.D. W. Va. Sept. 11, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[*] Little sought to amend his complaint to add defendants and claims of deliberate indifference to his medical needs.